## VALIDITY OF THE MILK BOTTLE ACT.

Circuit Court of Cuyahoga County.

STATE OF OHIO v. WILLIAM H. DOYLE.

Decided, November 28, 1910.

*Constitutional Law—Refilling Milk Bottles.*

The act of May 9, 1908 (99 O. L., 454), to regulate the filling and refilling of milk bottles and glass jars, is constitutional.

*Myers & Green* and *J. A. Cline,* for plaintiff in error.
*Seidman & Seidman,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The defendant in error was convicted before a police justice of Cleveland Heights Village of having violated Section 1 of an act to regulate the filling and refilling of milk bottles in glass jars (99 Ohio Laws, 454). Said act is as follows:

"Section 1. It shall be unlawful to fill or refill, with milk, cream or other milk product, any glass jar or bottle having the name of any person, firm or corporation blown therein, with intent to sell or vend such milk, cream or other milk product, provided, that the provisions of this section shall not extend to the person, firm or corporation whose name is blown in such glass jar or bottle, or a duly authorized agent or employe thereof.

"Section 2. It shall be unlawful to fill or refill, with milk, cream or other milk product, any glass jar or bottle, with intent to sell or vend such milk, cream or other milk product, unless such glass jar or bottle be first throughly cleansed and sterilized.

"Section 3. Any person or persons guilty of violating the provisions of the preceding sections of this act, shall be fined not more than one hundred dollars."

Upon petition in error the court of common pleas reversed the judgment of conviction and discharged the plaintiff in error, upon the ground that said act is unconstitutional and void. This ruling was evidently based upon *State of Ohio* v. *Schmuck*, 77 Ohio St., 438, in which it was held:

"Sections 4364-42, 4364-43, 4364-44 and 4364-45, Revised Statutes, making it a crime to have in possession for use or sale certain bottles or other vessels without the written consent of the owner, and providing for search warrant to seize and restore such property to the owner, are invalid, being in conflict with Sections 1, 14 and 19 of Article I of the Constitution of Ohio."

It will be noted, however, that the court in its opinion by Price, J., observes at page 454:

"It is manifest that the general public has not been offended by the commission of the act alleged in the indictment, nor does the statute in question make criminal any act in which the general public is concerned."

In the case at bar it is contended that Sections 2 and 3 of the act above quoted are obnoxious to any constitutional limitation. But Section 1, it was successfully urged below, is unconstitutional for the same reasons that were assigned to *State* v. *Schmuck*.

It will be observed that the act now under consideration does not require that milk shall be sold only in glass jars and bottles having the name of the vendor blown therein. The requirement made by the Legislature is rather that such receptacles so marked shall not be used for the vending of milk by anyone else. The act does not prohibit the use of bottles with other peoples' names blown therein for purposes other than the vending of milk. The sole object of the Legislature seems to be that no milk dealer shall be permitted to use a glass receptacle bearing the name of any person, firm or corporation, other than the vendor, or his principal, to the end that the public may not be misled or deceived into the belief that this important food product, extremely liable, as it is, to be tainted with germs of disease, is

being marketed by a known and responsible dealer, when the contrary is the fact.

If purchasers of milk choose to patronize anonymous dealers, they are, so far as this act is concerned, at liberty to do so; but if they desire to patronize only ones of established reputation, the Legislature has provided against such precaution being defeated by deceit and misrepresentation in the use of bottles bearing the name of another than the actual vendor.

This, we think, is an entirely proper use of the police power of the state to promote the public health and safety, and in this respect the case is to be sharply distinguished from *State* v. *Schmuck, supra.*

Even if we were in doubt in regard to the correctness of our view, as above stated, we are still mindful of the salutary rule which requires, where the constitutionality of any statute is in question, that courts are not to declare statutes unconstitutional unless they are palpably irreconcilable with the fundamental law.  We are bound to resolve our doubts, if we have any in this regard, in favor of the validity of the act, upon which this prosecution is based.

The judgment of the court of common pleas is therefore reversed and that of the police justice is affirmed.